COBB, Judge,
dissenting.
Since Bouchette was appearing pro se at sentencing, it was his duty to file the notice of appeal. Although the court appointed the public defender’s office for purposes of appeal, the appellate public defender does not usually file the notice of appeal, unless requested to do so. If a defendant is represented by counsel, it is counsel’s responsibility to file a notice of appeal if requested to do so before withdrawing from the ease. See Fla. R.Crim. P. 3.111(e). As petitioner was appearing pro se, he cannot attribute the failure to file a notice of appeal on ineffective assistance of trial counsel. Petitioner was likely confused because the trial judge indicated that it was appointing the public defender’s office for appeal. However, that is one of the many risks inherent in pro se representation. Although petitioner expressed to the judge his desire to appeal, it was not the judge’s responsibility to file the notice of appeal. Therefore, the failure to timely initiate an appeal cannot be attributed to state action or inaction. Furthermore, how would the appellate public defender division even know that petitioner wanted them to file a notice of appeal? Petitioner did not allege that he told the public defender’s office that he wanted a notice of appeal filed on his behalf.
Bouehette’s private attorney was allowed to withdraw before sentencing and it' became Bouchette’s responsibility to file the notice of appeal, or at least communicate to the public defender’s office that he wanted them to file the notice of appeal. The failure to file a notice of appeal was petitioner’s own fault.
I cannot believe, as contended by the majority, that a defendant’s “confusion” is a valid ground for a belated appeal. Until now, some state action (by the court or counsel) depriving the petitioner of his right to appeal was required. I do not believe that we should create a new and virtually unlimited basis for habeas corpus relief in these cases. Lawyers sometimes lose a case because they are confused about the law or the facts; that confusion is not a valid basis for the granting of a new trial or other relief. The standard should not be any different for a layman who chooses to represent himself.
I would deny the petition.